UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

CHARLIE GRICE                                     CIVIL ACTION NO. 17-cv-1434

VERSUS                                            CHIEF JUDGE HICKS

ROOSEVELT TONEY, ET AL                            MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

**Introduction**

This is one of several suits filed in state and federal courts arising from a multi-vehicle accident on Interstate 20 in Webster Parish.  The Plaintiff in this case is Charlie Grice, a Louisiana citizen, who filed suit in the Webster Parish state court against the driver, owner, and insurer of a tractor-trailer rig.  Mr. Grice also named as a defendant the State of Louisiana, through the Department of Transportation and Development ("DOTD").

The trucking company and insurer removed the case based on an assertion of diversity jurisdiction.  They alleged facts to show diversity of citizenship except between Mr. Grice and the State of Louisiana, but they argued that the presence of the State could be ignored because it was improperly joined.[1]  Before the court is Plaintiff's Motion to Remand (Doc. 14) that challenges the improper joinder plea.  For the reasons that follow, it is recommended that the Motion to Remand be granted.

---

[1] Where a state is a party there can be no federal jurisdiction based on diversity because a state is not a citizen for purposes of diversity jurisdiction. See In re: Katrina Canal Litigation Breaches, 524 F.3d 700, 706 n. 17 (5th Cir. 2008) and Louisiana v. Union Oil Co. of California, 458 F.3d 364, 366 (5th Cir. 2006).

**Improper Joinder**

Congress has provided a statutory framework for removal of certain cases where there is diversity of citizenship. Those statutes have been interpreted by the courts to require complete diversity; jurisdiction is lacking if any defendant is a citizen of the same state as any plaintiff. That strict requirement would, on its face, permit a plaintiff to name as a defendant any citizen of his home state and defeat removal. To prevent such shams, the "judge-imported concept of fraudulent joinder" has developed. Bobby Jones Garden Apartments, Inc. v. Suleski, 391 F.2d 172, 176 (5th Cir. 1968). The Fifth Circuit has since adopted the term "improper joinder" to describe the doctrine. Smallwood v. Illinois Central R.R. Co., 385 F.3d 568 n. 1 (5th Cir. 2004) (en banc).

The most common way a defendant shows improper joinder is to demonstrate the inability of the plaintiff to establish a cause of action against the non-diverse party in state court. The defendant must show that there is no reasonable basis for the district court to predict the plaintiff might be able to recover against the in-state defendant. Smallwood, 385 F.3d at 573; Travis v. Irby, 326 F.3d 644, 646-47 (5th Cir. 2003).

The "no reasonable basis" contest may take place in two different settings: (1) a challenge to the pleadings alone or (2) an effort to pierce the pleadings and demonstrate by summary judgment-type evidence that the plaintiff is unable to prove all of the facts necessary to prevail. The first method, the pleadings challenge, is primarily at issue here. The court conducts a Rule 12(b)(6)-type analysis to determine whether the complaint states a claim under state law against the in-state defendant. Smallwood, 385 F.3d at 573. Any

ambiguities in state law must be resolved in favor of the plaintiff.  Gray v. Beverly Enterprises-Mississippi, Inc., 390 F.3d 400, 405 (5th Cir. 2004).

**The Petition**

Mr. Grice alleges in his petition that he was operating a Ford F-150 pickup truck going east on I-20 in Webster Parish.  At the same time, Roosevelt Toney was operating a Kenworth tractor-trailer rig going in the same direction.  Petition, ¶ 5.  Mr. Toney's tractor-trailer rig "struck several vehicles in the rear including the vehicle being operated by [Mr. Grice]."   The impact to Grice's vehicle forced it to strike another vehicle that was "positioned in front of him" on the interstate.  ¶ 6.  Grice alleges that the accident was the fault of Mr. Toney for following too closely, operating his vehicle in a careless and reckless manner, and failing to see what he should have seen.  ¶ 7.

Mr. Grice alleges, in the alternative, that the accident was solely or partially due to the fault of the DOTD.  That fault allegedly includes DOTD failing to provide appropriate safety measures in a construction zone, failing to provide appropriate warning measures in a construction zone, failing to take adequate measures to alert motorists to a stalled traffic queue ahead, failing to institute an adequate traffic control plan to ensure proper traffic flow, failing to employ adequate signage and notice to timely alert motorists that the area tapered traffic into a single lane, failing to use changeable message signs to alert motorists of upcoming single-lane traffic, and not providing the required public notice regarding planned interstate lane closures.  ¶ 9.

The allegations imply that Mr. Grice was slowed or stopped because of construction, but the petition never says so directly.  Grice's attorney states in his memorandum that the

accident occurred during peak traffic times when a road construction job caused traffic in a 70-mile-per-hour zone to use a single lane of travel, and traffic was stopped and backed up for a significant distance in front of the accident site.  Such facts would help Plaintiff's case if they were in the petition, but they are not.

**Analysis**

### A.  The Claim Against the State

Mr. Grice urges that he has a possibility of recovery against the DOTD because Louisiana courts have recognized that the DOTD "has a non-delegable duty to maintain safe highways and shoulders."  Woods v. State ex rel. Department of Transportation and Development, 852 So.2d 1109, 1121 (La. App. 2d Cir. 2003).  That general duty includes a more specific duty "of providing proper safeguards or adequate warnings of dangerous conditions on the highway."  Stephens v. State, Through DOTD, 440 So.2d 920, 925 (La. App. 2d Cir. 1983).

"The Department clearly has a duty to warn motorists of dangers engendered by ongoing road repair."  Id.  That duty "requires the Department to erect barriers, signs and the markings which are sufficiently effective to warn the public of dangerous road conditions."  Id.  "The law imposes a high degree of care on governmental agencies charged with the responsibility of maintaining traffic signs, signals and warning devices."  Id. at 925-26.

DOTD warnings "must be sufficient to alert an ordinary, reasonable motorist, having in view the probable traffic, the character of the road and the reasonably anticipated use."  Woods, 852 So.2d at 1121.  "DOTD must warn of any dangerous or potentially

dangerous conditions in the construction zone." Id. Whether DOTD warnings are reasonable and adequate depends on location of the danger, the nature of the road and the general situation and circumstances." Id.

In Stephens, the Department was liable because a flagman was stationed too close to the area of road work to allow motorists to change lanes timely and safely. The Department was liable in Murphy v. State, 475 So.2d 24 (La. App. 4th Cir. 1985) because its detour warning signs and traffic channelization near construction were inadequate. Similarly, the DOTD was found liable in Faulkner v. State DOTD, 645 So.2d 268 (La. App. 2d Cir. 1994) because there was inadequate signage where motorists entered a portion of the interstate that was incomplete.

The cited decisions show that Louisiana law permits a cause of action against the DOTD when the agency does not properly warn of or regulate dangers near a road construction area. The question is whether Mr. Grice has alleged facts that could state a claim against DOTD under that law. Smallwood requires use of the Rule 12(b)(6)-type analysis, and the federal pleading standard that accompanies that rule goes along with it. International Energy Ventures Management, LLC v. United Energy Group, Ltd., 818 F.3d 193, 208 (5th Cir. 2016). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" Cuvillier v. Taylor, 503 F.3d 397, 401 (5th Cir. 2007), quoting Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007). A complaint is not sufficient if it offers only "labels and conclusions," or "a formulaic

recitation of the elements of a cause of action." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).

Defendants argue that Grice's allegations against the DOTD are too conclusory to state a claim that survives review under Twombly. The petition could certainly benefit from some additional facts to describe what happened on the highway, but it conveys that there was an accident, and it alleges that the DOTD was potentially negligent because of the lack of adequate warnings, signs, and the like in a construction zone. That is adequate to provide a short and plain statement of a negligence claim under state law, as are the similar allegations that the truck driver was following too closely and operating his vehicle in a careless manner.

Defendants argue that Grice's claim is foreclosed by the undersigned's ruling in Bullock v. Smith, 2008 WL 4853355 (W.D. La. 2008), in which a plaintiff sought to amend his complaint to add the DOTD as a defendant. The court noted that the proposed amendment had only one substantive allegation against the DOTD—that the first warning sign before the lane merger/accident-site was 8/10ths of a mile away. The court noted that it saw nothing in that allegation to suggest a good-faith, viable claim against the DOTD.

Defendants would have Bullock stand for the proposition that any general complaint about inadequate warnings does not state a claim, but that is not the case. First, Bullock arose in a Hensgens contest where the plaintiff attempted to destroy diversity jurisdiction *after* the case had been removed. In that setting, the court is able to look to factors such as intent and delay when assessing such proposed amendments. The Rule 12(b)(6) analysis in an improper joinder contest is different, as explained in cases such as Cobb v. Delta

Exports, Inc., 186 F.3d 675 (5th Cir. 1999).  The court in Bullock looked to those factors

and noted that 8/10ths of a mile seemed to be more than adequate warning of a merger for

cars that were traveling on a highway with a posted speed limit of 45 miles per hour.

Bullock is of little support to Defendants because of its distinct facts and legal rules.

### B. Discretionary Act Defense

Defendants also argue that the DOTD was improperly joined because it could be

entitled to discretionary act immunity under La. R.S. 9:2798.1.  The immunity offered by

the statute is in the nature of an affirmative defense.  White v. City of New Orleans, 806

So.2d 675, 677 (La. App. 4th Cir. 2001).  A defendant can prevail on an improper joinder

plea by showing that the defendant must prevail on an affirmative defense, but "if there is

any possibility that [the plaintiff] might survive" the defense, the case must be remanded.

Sid Richardson Co. v. Interenergy Resources, Ltd., 99 F.3d 746, 753 (5th Cir. 1996).

The Supreme Court of Louisiana, in Fowler v. Roberts, 556 So.2d 1 (La. 1989) (on

rehearing), devised a two-step test to determine whether a public entity is entitled to

immunity under Section 9:2798.1. First, if a statute, regulation, or policy prescribes a

particular course of action, there is no choice or discretion involved, and the immunity does

not apply. But when discretion is involved, the court must determine whether that

discretion is the kind that is shielded by the statutory immunity, that is, discretion grounded

in social, economic or political policy.  Fowler, 556 So.2d at 15. Section 9:2798.1 protects

the government from liability only at the policy making or ministerial level, not at the

operational level.  Fowler, 556 So.2d at 15.

DOTD has a duty to continually maintain the public roadways in a condition that is reasonably safe and does not present an unreasonable risk of harm to the motoring public exercising ordinary care and reasonable prudence.  At least one Louisiana court has held that "any decision regarding the manner in which the roads are made reasonably safe is operational in nature, and Section 9:2798.1 does not provide immunity for liability stemming therefrom." Greene v. Succession of Alvarado, 210 So.3d 321, 331 (La. App. 1st Cir. 2016).

Defendants have the burden to establish that there is no possibility Mr. Grice can avoid the defense they offer.  They have not met that burden.  They have done little more than cite the immunity statute.  They offer no analysis of the law or facts that would lead to a certain conclusion that the statute immunizes the DOTD from all of Mr. Grice's claim.

Defendants also argue that Louisiana courts have found no governmental duty to post warnings of a third party's negligent actions.  But Mr. Grice does not complain that the DOTD failed to warn him of a third party's negligence.  Rather, he alleges that the agency failed to adequately warn all motorists of a construction zone, which caused a crash. The cases cited above show that Louisiana law does recognize such a duty.

## C.  Request for Discovery

Finally, Defendants argue that the court should allow them to conduct discovery to determine whether (1) Mr. Grice has a factual basis for his allegations against the DOTD and (2) whether the agency is protected by a contractual indemnity clause in the contract it had with the highway construction company.  The Fifth Circuit cautioned in Smallwood that going beyond the pleadings and conducting a summary inquiry "is appropriate only to

identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." Smallwood, 385 F.3d at 573-74. Such discovery "should not be allowed except on a tight judicial tether, sharply tailored to the question at hand, and only after a showing of its necessity." Id. at 574. Otherwise, the process risks moving the court beyond a quick review of its jurisdiction and into a resolution of the merits. Id.

The Fifth Circuit gave examples of the sort of discrete disputes that might be suitable for allowing discovery. They were whether a doctor defendant did not treat the plaintiff patient, whether a certain pharmacist defendant did not fill a prescription for the plaintiff patient, or whether a party's citizenship was not as alleged. Id. at n. 12. Those were all said to be facts that could easily be disproved if not true. Defendants have not identified any such facts.

Smallwood makes clear that the improper joinder inquiry is to be limited, and "the decision regarding the procedure necessary in a given case must lie within the discretion of the trial court." 385 F.3d at 573. The undersigned finds that the best exercise of this court's discretion is to *not* pierce the pleadings or allow discovery. Defendants have not identified any specific fact or facts that could be quickly resolved through discovery that might resolve the jurisdictional issue. Rather, Defendants seek to engage in a fact-finding exercise that would go far beyond a summary inquiry into a discrete fact that may have been omitted or misstated. The discovery they seek is no narrower than full-blown liability discovery in a traditional merits contest. And the requested discovery as to whether the

DOTD has an indemnity provision in its contract for the project would accomplish nothing. Such a provision would not bar Mr. Grice's claims against the State.

**Conclusion**

Mr. Grice has alleged adequate facts in his petition to state a plausible and actionable claim against the State/DOTD for improper warnings and traffic controls in connection with the construction zone near the accident site.  Defendants have not met their burden of demonstrating that the State was improperly joined, and they have not made a case for allowing discovery on the issue.  The presence of the State as a viable defendant in this case prevents the exercise of subject matter jurisdiction and requires that this case be remanded to state court.

Accordingly,

**IT IS RECOMMENDED** that Mr. Grice's **Motion to Remand (Doc. 14)** be **granted** and that this action be **remanded** to the 26th Judicial District Court, Webster Parish, Louisiana, where it was pending under Case No. 76431.

**Objections**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.   See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 9th day of January, 2018.

Mark L. Hornsby
U.S. Magistrate Judge